# EXHIBIT A

Filing # 95769784 E-Filed 09/16/2019 03:06:21 PM

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DIANE KATZ,

      Plaintiff,

v.

ELECTRUM PARTNERS, LLC,
a foreign limited liability company,
and LESLIE BOCSKOR,

      Defendants.

_____/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition, in this action on:

                  **ELECTRUM PARTNERS, LLC**
                  **C/O REGISTERED AGENT: LESLIE BOCSKOR**
                  **1900 WALDMAN AVENUE**
                  **LAS VEGAS, NV 89102**

Each Defendant is required to serve written defenses to the complaint or petition on:

                Anne Tomasello, Esq.
             Plaintiff's attorney, whose address is:
             Scott Wagner & Associates, P.A.
                 Jupiter Gardens
      250 South Central Boulevard, Suite 104-A
                Jupiter, Florida 33458
               Tele : (561) 653-0008
               Fax : (561) 653-0020

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against
the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response
to the Court located at: **Palm Beach County Courthouse,** Clerk of Courts, 205 N. Dixie Hwy,

Scott Wagner & Associates, P.A.
Summons
Page **1** of **2**

West Palm Beach, FL 33401, and you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's Attorney: **Anne Tomasello, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

Sep 19 2019
WITNESS my hand and the Seal of said Court this ____ day of _____, 2019.



SHARON R. BOCK
As Clerk of said Court

3Y : _____
As Deputy Clerk

GINA BRIMMER D.C.

Scott Wagner & Associates, P.A.
Summons
Page 2 of 2

Filing # 95769784 E-Filed 09/16/2019 03:06:21 PM

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DIANE KATZ,

      Plaintiff,

v.

ELECTRUM PARTNERS, LLC,
a foreign limited liability company,
and LESLIE BOCSKOR,

      Defendants.

_____/

THE STATE OF FLORIDA:
To All and Singular the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the
complaint or petition, in this action on:

              **LESLIE BOCSKOR**
              **1900 WALDMAN AVENUE**
              **LAS VEGAS, NV 89102**

Each Defendant is required to serve written defenses to the complaint or petition on:

              Anne Tomasello, Esq.
             Plaintiff's attorney, whose address is:
            Scott Wagner & Associates, P.A.
               Jupiter Gardens
      250 South Central Boulevard, Suite 104-A
              Jupiter, Florida 33458
              Tele : (561) 653-0008
              Fax : (561) 653-0020

within 20 days after service of this summons on that defendant, exclusive of the day of service,
and to file the original of the defenses with the Clerk of the Court either before service on plaintiff's
attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against
the defendant for the relief demanded in the complaint or petition.

If you choose to file a written response yourself, at the same time you file your written response
to the Court located at: **Palm Beach County Courthouse,** Clerk of Courts, 205 N. Dixie Hwy,
West Palm Beach, FL 33401, and you must also mail or take a carbon copy or photocopy of your

           Scott Wagner & Associates, P.A.
                Summons
               Page 1 of 2

written response to the Plaintiff's Attorney: **Anne Tomasello, Esq., 250 S. Central Blvd, Ste 104, Jupiter, Florida 33458 (561) 653-0008.**

Sep 19 2019

WITNESS my hand and the Seal of said Court this _____ day of _____, 2019.

SHARON R. BOCK
As Clerk of said Court

BY : _____
As Deputy Clerk

GINA BRIMMER D.C.

NOT A CERTIFIED COPY

Scott Wagner & Associates, P.A.
Summons
Page 2 of 2

Filing # 95769784 E-Filed 09/16/2019 03:06:21 PM

IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO.:

DIANE KATZ,

      Plaintiff,

v.

ELECTRUM PARTNERS, LLC,
a foreign limited liability company and
LESLIE BOCSKOR,

      Defendants.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, DIANE KATZ, , by and through undersigned counsel, and hereby sues the Defendants, ELECTRUM PARTNERS, LLC, a foreign limited liability company and LESLIE BOCSKOR, and as grounds thereon, states as follows:

## JURISDICTION, PARTIES AND VENUE

1.  This Honorable Court has jurisdiction over this action, as Plaintiffs seeks damages exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of attorney's fees, costs, and interest, and Plaintiffs' claims arise under various Florida Statutes, where applicable.

2.  Venue is proper in this Judicial Circuit, as Defendants employed Plaintiff to work in Palm Beach County, Florida, and the events giving rise to these claims took place in Palm Beach County, Florida.

3.  At all times material hereto, Plaintiff, DIANE KATZ ("KATZ"), was a natural person residing and working in Delray Beach, Palm Beach County, Florida, and is otherwise *sui juris*.

NOT A CERTIFIED COPY

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 09/16/2019 03:06:21 PM

4.      At all times material hereto, Defendant, ELECTRUM PARTNERS, LLC ("ELECTRUM"), was a limited liability company organized pursuant to the laws of the State of Nevada, with its headquarters located at 3571 East Sunset Road, Suite 300, Las Vegas, Nevada 89120.

5.      At all times material hereto, ELECTRUM actively conducted business in this State.

6.      At all times material hereto, Defendant, LESLIE BOCSKOR ("BOCSKOR"), was the owner, Chief Executive Officer, and Executive Chairman of ELECTRUM, and upon information and belief, resided in Las Vegas, Clark County, Nevada.

7.      At all times material hereto, Defendants jointly employed Plaintiff as BOCSKOR was engaged in the operational control of ELECTRUM, and acted directly and/or indirectly in the interest of ELECTRUM in relation to Plaintiff's employment, including the payment of her wages.

### COMMON ALLEGATIONS

8.      Defendants entered into a Consulting Agreement with Plaintiff on May 1, 2018. (A true and correct copy is attached hereto as Exhibit 1.)

9.      Pursuant to the Agreement, Plaintiff was to provide "professional consulting services" in accordance with the "consulting proposal" that was attached to the agreement as Exhibit A, to wit: "Serve in a leadership capacity for Electrum Partners: guide, coach, and manage the team for efficiency, teamwork, direction, and goal accomplishment; Assist Leslie Bocskor in his developing role as CEO, so that his leadership skills grow to meet the growing needs of the company; Provide organizational consulting so that Electrum Partners, LLC, will have a unified focus, collaborative and efficient teamwork, leading to intelligent growth and agreed upon organizational outcomes; Provide teambuilding for the company team, ensuring professional, focused, and collaborative behavior, timely communication, and adherence to company practices/policies; Offer coaching to the team members so that everyone is aligned with company goals; Provide recruiting support as needed to fill Electrum positions so that the best candidates possible are found; Manage the Partner Services and

Administration functions for increased client retention and efficient/professional internal service to team members." (Exhibit 1)

10.    Defendants agreed to compensate Plaintiff for her work at the rate of $9,100.00 per month, payable in bi-monthly installments of $4,550.00 beginning June 1, 2018.

11.    Defendant increased Plaintiff's compensation to $20,000 per month in January 2019.

12.    Plaintiff was named as an officer (President) of Electrum Partners and was therefore a statutory employee pursuant to Internal Revenue Code section 31.3121(d)(1)(b).

13.    Under the tax code, parties' contractual designation of the relationship as that of "independent contractor" is immaterial. *Id.* at 31.3121(a)(3).

14.    Defendants routinely and repeatedly failed to properly, or lawfully, compensate Plaintiff throughout her employment despite Plaintiff's continual requests for her compensation.

15.    Defendants made numerous promises of payment to Plaintiff in order to ensure that Plaintiff would continue reporting for work, but did not keep those promises, including BOCSKOR promising KATZ an ownership interest in ELECTRUM, in addition to her contracted rate, if she would continue working without pay.

16.    BOCSKOR continually informed Defendants' employees, including Plaintiff, that he was waiting on an infusion of capital so that he could make payroll.

17.    Prior to bringing this action Plaintiff has satisfied all prerequisites including those for civil theft pursuant to Fla. Stat. § 772.11(1).   (*See* Demand Letter dated 6/7/19, attached hereto as **Exhibit 2**).

18.    As set forth in Exhibit 2, ELECTRUM and BOCSKOR had thirty (30) days to pay the demand amount. Defendants have failed to do so.

## COUNT I
## BREACH OF CONTRACT

19.    Plaintiffs restate and allege Paragraphs 1 through 18 as if fully set forth herein.

20.    Plaintiff is bringing this action against Defendants for monies earned during her employment and other contractual benefits which Defendant refuses to pay.

21.    The parties had a binding contractual agreement. (Exhibit 1).

22.    The terms and conditions contained in the written Consulting Agreement constituted an enforceable contract between the parties.

23.    Defendants have failed to adhere to their contractual obligations as set forth in Exhibit 1.

24.    Defendants breached their obligations owed to Plaintiff.

25.    Defendants failed to pay obligations set forth in her agreement including wages and expenses. (Exhibit 1).

26.    As a direct and proximate result of Defendants' actions, Plaintiff has suffered significant damages.

27.    Plaintiff seeks damages as set forth in the agreement.

28.    As a direct and proximate result of Defendants' actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for pursuing the remedies to which she is entitled in this matter under the contract paragraph 6(d)

29.    As a result of Defendants' actions, Plaintiff is entitled to judgment against Defendants for damages and attorneys' fees and costs.

30.    Plaintiff seeks damages against Defendants as well as attorney's fees and costs.

31.     WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendants for all contractual damages, interest, costs, reasonable attorney's fees and all such other and further relief as the Court deems just and proper under law and equity.

## COUNT II
## CIVIL THEFT PURSUANT TO FLA. STAT. § 772.11 (ALL DEFENDANTS)

32.     Plaintiff restates and allege Paragraphs 1 through 18 as if fully set forth herein.

33.     Defendants failed to deliver payment of certain monies to Plaintiffs, as described.

34.     Defendants knowingly obtained or used, or endeavored to obtain or use, property (money) belonging to Plaintiff with the intent of either temporarily or permanently depriving Plaintiff of the right to and benefit of their property.

35.     Defendants' actions/omissions in that regard are tantamount to theft.

36.     As a direct and proximate result, Plaintiff has suffered damages, including loss of money, loss of use of that money, and the costs of litigation.

37.     Plaintiff has complied with the pre-suit requirements set out in Fla. Stat. § 772.11(1) by making written demand for treble damages to Defendants and waiting at least thirty (30) days before filing this Complaint.  *See* Exhibit 2.

38.     Defendants have nevertheless refused to pay Plaintiff the wages owed to her.

39.     As a direct and proximate result of Defendants' actions/omissions, Plaintiff is entitled to judgment for "threefold the actual damages sustained," as defined in Fla. Stat. § 772.11(1).

40.     Plaintiff seeks all damages described above, including treble damages pursuant to Fla. Stat. § 772.11(1), interest, reasonable attorney's fees and costs pursuant to Fla. Stat. §§ 448.08 and 772.11(1),

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against Defendants for all damages described above, including treble damages pursuant to Fla. Stat. § 772.11(1), interest,

reasonable attorney's fees and costs pursuant to Fla. Stat. §§ 448.08 and 772.11(1), and any further relief that this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury on all issues so triable.

DATED this 16th day of September 2019.

Respectfully Submitted,

s/Anne Tomasello
Anne Tomasello, Esq.
Florida Bar No. 877751
Primary e-mail: ATomasello@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Cathleen Scott, Esq.
Florida Bar No. 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
SCOTT WAGNER & ASSOCIATES, P.A.
250 South Central Boulevard, Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com
*Attorneys for Plaintiffs*

## ELECTRUM PARTNERS, LLC
## CONSULTING AGREEMENT

THIS AGREEMENT made this **1st** day of **May 2018**, between **Diane Katz**, an individual ("Consultant") and **Electrum Partners, LLC** ("Company").

In consideration for the Company's retaining the Consultant to provide independent consulting services, it is agreed as follows:

1.  **ENGAGEMENT DETAILS**
    a.  Consultant shall provide the following professional consulting services ("Services"), and any other business services as needed:
        i.  See Exhibit A for consulting proposal.

    b.  In connection with the Services, Consultant shall:
        i.  Devote such time and resources as shall be reasonably necessary to perform of the Services contemplated hereby in a professional manner and in accordance with industry standards.
        ii.  Meet agreed upon deadlines, and respond to the Company's information and consultation requests on a timely basis; and
        iii.  Comply with all federal, state and local laws in connection with the provision of services hereunder.

2.  **TERM**
    a.  The term of this Agreement shall commence on **May 1, 2018** and continue for one (1) year.
    b.  The term may be renewed upon mutual consent of parties.
    c.  Termination Prior to Expiration.
        i.  Termination with Notice. Either party may terminate this Agreement for any or no reason at any time, by providing the other with thirty (30) days' prior written notice. Termination with Notice will result in a Pro-Rata payment to Consultant of all fees/equity for work-to-date.
    d.  The following Sections of this Agreement will survive expiration of the Agreement (or its termination prior to expiration): 5 and 6.

3.  **RATES AND TERMS OF PAYMENT**
    a.  In consideration for the services provided by Consultant as outlined above, Company agrees to the following:
        i.  A monthly consulting fee starting at **$9,100 to be paid in bi-monthly installments of $4,550** beginning to accrue on **May 1, 2018** with the first payment due **June 1, 2018.**
        ii.  Payment shall be made within **15 days** of Company's receipt of an invoice providing a description of time spent and services provided in such detail as reasonably may be required by the Company.
        iii.  Reimbursement of reasonable travel expenses, including air and ground transportation, hotel accommodations and meals, provided such travel expenses have been pre-approved by an authorized Company employee subject to Company Travel and Expense Policy.

1

EXHIBIT 1

**ELECTRUM PARTNERS, LLC**
**CONSULTING AGREEMENT**

    iv.    Reimbursement of expenses necessary to performance of the Services subject to Company Travel and Expense Policy. Consultant will make a good faith effort to inform Company of expenses in advance. Reimbursement of all expenses shall be contingent upon submission of invoices and documentation evidencing the expenses. Reimbursement shall not be unreasonably withheld.

**4.  CONSULTANT EXCLUSIVELY AN INDEPENDENT CONTRACTOR**

    a.    Consultant acknowledges that Consultant is solely an independent contractor. Nothing contained in this Agreement shall be deemed to constitute either the Company or the Consultant as an agent, representative, partner, or joint venture or employee of the other party for any purpose. Neither party can bind the other to any agreement with anyone else. Consultant is responsible to obtain all necessary permits to allow Consultant to perform the Services, including but not limited to any visas. Consultant is solely responsible to pay all health insurance, Social Security payments, unemployment benefits, taxes (federal and state) and workers compensation. Consultant is not eligible for and will not participate in any of the benefit programs of the Company or any of its subsidiaries or affiliates, and will not receive any other fringe benefits. Consultant will maintain all of its own employment records. The Company does not have the exclusive right to use of Consultant, who may perform work for other companies (subject to Paragraph 18 below), and the Company is interested only in the proper and timely completion of the Services.

    b.    The Company shall have no obligation to withhold or pay any such taxes on Consultant's behalf. The Company shall issue Consultant an IRS Form 1099 for services rendered to the Company at such time as may be required by IRS rules and regulations.

**5.  CONFIDENTIALITY**

    a.    Consultant shall not at any time during the term of this Agreement or thereafter, without Company's express prior written consent use or make available, or cause to be used or made available, either directly or indirectly, to any person or company, including but not limited to any competitor or potential competitor of the Company, or divulge, disclose or communicate to any person, firm, corporation, or other business entity in any manner whatsoever, any Confidential Information of the Company.

    b.    If Consultant receives a legal demand or similar process (whether by deposition, interrogatory, request for documents, subpoena, civil investigative demand or otherwise) requesting or requiring Consultant to disclose Confidential Information or if Consultant is advised by its legal counsel that Consultant is, notwithstanding the provisions of this Agreement, legally required to disclose Confidential Information, Consultant shall promptly notify Company sufficiently in advance of any such disclosure so that Company may seek a protective order or take other appropriate legal action to prevent or minimize disclosure of Confidential Information. If the protective order or other relief is not obtained, Consultant agrees to disclose only such portion of the Confidential Information as Consultant is advised by opinion of legal counsel that Consultant is legally required to disclose.

    c.    Consultant agrees that all Confidential Information and all copies thereof are and at all times shall remain exclusively the property of Company. All Confidential Information and all copies thereof received or made by Consultant or its agents shall be returned to

EXHIBIT 1

**ELECTRUM PARTNERS, LLC**
**CONSULTING AGREEMENT**

Company immediately upon demand from Company to Consultant and in the absence of
such demand, immediately upon termination of this Agreement.

d. For purposes of this Agreement, the term "Confidential Information" includes but is not
limited to all documents and information, however maintained on or in any form of
media, and other tangible things of the following items, whether written, verbal,
electronic or in any format whatsoever, including but not limited to the following:

   i.   Names, addresses, account numbers, telephone numbers and any personal
information of Company's customers, employees and vendors;

   ii.   Existence and terms and provisions of any agreements between Company and any
employee or third party;

   iii.   All information of the Company, whether prepared by Company, Consultant or
others, relating to or useful in connection with the business of the Company
whether or not a "trade secret" within the meaning of applicable law, which as of
the date of this Agreement is not generally known to the public, including but not
limited to the Company's product development, marketing programs (including
database marketing programs), files, prototypes, models, manuals, lists, data, future
plans, formula, food and beverage procedures, operations and recipes, menu
creation, finances, financial management systems, player identification systems,
pricing systems, client and customer lists, organizational charts, salary and benefit
programs, training programs, computer software, business records, drawings, prints,
letters, notes, and notebooks (including notebooks containing customer
information), and copies of any of the foregoing items. This provision shall exempt
personal notes;

   iv.   Information provided orally or in writing, or to which Consultant is given access,
identified by Company as confidential when disclosed or at any time thereafter;

   v.   Any information in any format whatsoever marked "Confidential" or "Proprietary"
or containing any other similar marking or identification; and

   vi.   All materials of a secret, confidential or proprietary nature relating to the
Company's business, and any other documents and other materials however
maintained relating or referring to such material.

**6.  MISCELLANEOUS**

a. Consultant represents and warrants that it is able to enter into this Agreement and
perform consulting services for the Company, and that such ability is not limited or
restricted by any agreements or understandings between the Consultant and other persons
or companies.

b. The provisions of this Agreement shall be enforceable notwithstanding the existence of
any claim or cause of action of the Consultant against the Company or the Company
against the Consultant whether predicated on this Agreement or otherwise.

c. Consultant agrees that Consultant shall have no right to, or interest in, the name Electrum
Partners or any registered mark, service mark or trademark of Company or any of its
affiliates or subsidiaries and Consultant shall not in any manner use such words in the
promotion of Consultant's business.

d. The laws of the State of Nevada shall govern the interpretation, performance and
enforcement of this Agreement, regardless of applicable choice of law principles. The
parties agree that any action to interpret or enforce this Agreement must be brought in the

3

EXHIBIT 1

## ELECTRUM PARTNERS, LLC
## CONSULTING AGREEMENT

courts of Clark County, Nevada or in the United States District Court for the District of Nevada. Consultant and Company hereby consent to the personal jurisdiction of the courts (State and Federal) located in Clark County, Nevada in the event any dispute arises with regard to this Agreement. In the event that either party hereto commences an action against the other in connection with this Agreement, the prevailing party in such action shall be entitled to recover its costs and expenses (including reasonable attorneys' fees).

e. Consultant shall indemnify and hold harmless Company, its officers and employees from an against damages, liabilities, losses, costs, and expenses, but only to the extent caused by the negligent acts, errors or omissions of the Consultant which arise out of the Consultant's performance of its professional services under this agreement. Damages indemnified under this clause shall be limited to fees paid by Company to Consultant under this agreement.

f. This Agreement contains the entire agreement of the parties relating to the subject matter hereof. Any notice to be given under this Agreement shall be sufficient if it is given orally or in writing, sent by certified or registered mail, to the Consultant and to the Company.

*[Signature page follows]*

4

EXHIBIT 1

## ELECTRUM PARTNERS, LLC
## CONSULTING AGREEMENT

By: _____

**Leslie Bocskor, President**

Date: **November 1, 2017**


By: _____

**Diane Katz** (Consultant)

Date: **November 1, 2017**

NOT A CERTIFIED COPY

5

EXHIBIT 1

**ELECTRUM PARTNERS, LLC**
**CONSULTING AGREEMENT**

**Exhibit A**
**Services Proposal**

Diane Katz, PhD, will continue to provide consulting/coaching services to Electrum Partners, LLC on a retained basis.

**Objectives**
- Serve in a leadership capacity for Electrum Partners: guide, coach, and manage the team for efficiency, teamwork, direction, and goal accomplishment
- Assist Leslie Bocskor in his developing role as CEO, so that his leadership skills grow to meet the growing needs of the company
- Provide organizational consulting so that Electrum Partners, LLC, will have a unified focus, collaborative and efficient teamwork, leading to intelligent growth and agreed upon organizational outcomes
- Provide teambuilding for the company team, ensuring professional, focused, and collaborative behavior, timely communication, and adherence to company practices/policies
- Offer coaching to the team members so that everyone is aligned with company goals
- Provide recruiting support as needed to fill Electrum positions so that the best candidates possible are found
- Manage the Partner Services and Administration functions for increased client retention and efficient/professional internal service to team members

**Process**
- Continue coaching sessions with Leslie Bocskor on a regularly scheduled basis
- Speak to team members as needed, in order to ensure individual and team success
- Provide input on various processes that will enhance communication, etc., further ensuring the attainment of company goals
- Serve as organizational development resource for areas involving, culture, communication, job responsibilities, etc.
- Manage team on an overall basis for increased focus, efficiency, and production

**Cost**
$9,100 a month

All payments should be made payable to Diane Katz.

6

EXHIBIT 1



EMPLOYMENT•CIVIL RIGHTS•HEALTHCARE
*www.scottwagnerlaw.com*

Sender E-Mail: atomasello@scottwagnerlaw.com

June 7, 2019

## DEMAND FOR CIVIL THEFT UNDER FLA. STAT. § 772.11

**VIA CERTIFIED MAIL**
Barry Grissom, General Counsel
Electrum Partners, LLC
3571 E. Sunset Road, Suite 300
Las Vegas, NV 89120

Re:     Diane Katz vs. Electrum Partners, LLC and Leslie Bocskor
        Case No. 28979

Dear Mr. Grissom:

Please be advised that our firm has the pleasure of representing Diane Katz with regard to her claims against Electrum Partners, LLC, and Leslie Bocskor personally, for civil theft, in violation of Section 772.11, Florida Statutes. Please direct any future communication with Ms. Katz to my attention. Please allow this to serve as our statutorily-required written notice to you, giving you the opportunity to pay the **total amount of Three hundred sixty-seven thousand eight hundred three dollars and twenty-seven cents ($367,803.27) by July 7, 2019, which is (30) days from the date of this letter, before we proceed with filing a lawsuit.** This letter is submitted for settlement purposes only, and therefore, is confidential under Florida law.

**Background**

By way of background, Ms. Katz began working with Electrum Partners, LLC in December 2015, becoming President on June 1, 2018. On October 3, 2018, Ms. Katz loaned Electrum Partners, LLC the sum of Twenty-five thousand dollars ($25,000.00) via Promissory Note, for which Thirty thousand twelve dollars ($30,012.00) is now due and owing.

Ms. Katz is also owed unpaid wages in the amount of Eighty thousand fifty-one dollars and eighty cents ($80,051.80), as well as unpaid expenses in the amount of Twelve thousand five hundred thirty-seven dollars and twenty-nine cents ($12,537.29).

**Civil Theft in violation of Fla. Stat. § 772.11**

Ms. Katz alleges that your company has held back monies owed to her. Despite working excessive hours each week, Ms. Katz was not compensated for her time, nor for her associated expenses. Ms. Katz is also owed for the loan she made to the company pursuant to the Promissory Note. Your actions in this regard are tantamount to theft, in violation of Fla. Stat. § 812.014(1), as you knowingly obtained or used property belonging to Diane Katz, i.e., $122,601.09, with the intent to either temporarily or permanently

T: (561)653-0008
F:(561)653-0020
TF: (877)907-2688

250 S. Central Blvd. Ste. 104A
Jupiter, Florida 33458
Additional office in West Palm Beach

EXHIBIT 2

deprive him/her of the use, right, and/or benefit of same.  Consequently, Ms. Katz has the legal right to demand "treble" (or "threefold") damages from you, pursuant to Fla. Stat. § 772.11:

### DEMAND FOR CIVIL THEFT UNDER FLA. STAT. § 772.11

*Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand.*

### Demand for Payment

Pursuant to Fla. Stat. § 772.11, we hereby specifically demand that you **tender the amount of [$367,803.27] to our firm's trust account within thirty (30) days of the date of this letter**.  That amount is comprised of three (3) times the amount of actual damages ([$122,601.09 x 3 = Treble Damages]), plus our current attorney's fees [$1,500.00].  As stated in that statutory section, if you comply with this demand, we will provide you with a written release from any further civil liability for these acts of theft.  In the event that you fail to comply, we will proceed with filing a lawsuit for treble damages, costs, and increased attorney's fees, pursuant to Fla. Stat. § 772.11.

We appreciate your prompt response, and please feel free to contact our office with any questions.

Sincerely,

Anne Tomasello
Attorney
AT:cl

T: (561)653-0008
F:(561)653-0020
TF: (877)907-2688

250 S. Central Blvd. Ste. 104A
Jupiter, Florida 33458
Additional office in West Palm Beach

EXHIBIT 2