## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**DIANE KATZ, an individual,**

      **Plaintiff,**

   **v.**

**ELECTRUM PARTNERS, LLC, a Nevada limited liability company; and LESLIE BOCSKOR, an individual,**

      **Defendants.**

**Case No. 9:19-cv-81473-DMM**

## OPPOSITION TO MOTION FOR ENTRY OF DEFAULT

Defendants ELECTRUM PARTNERS, LLC and LESLIE BOCSKOR, through undersigned counsel, hereby oppose Plaintiff's Motion for Entry of Default, and request that the Court allow Defendants to enter a responsive pleading, for the reasons outlined below.

### DEFENDANTS CAN SHOW EXCUSABLE DELAY

Though it is clear that Defendants did not file a responsive pleading in the time allotted following removal to this Court, and it is also clear that Defendants did not respond timely to the Court's Order to Show Cause to explain such failure, Defendants now ask the Court to deny a default and can show an excusable delay.

"The determination as to what sorts of neglect will be considered 'excusable' is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Lake James Assocs. V. Summit Techs., L.L.C.* 2006 Dist. LEXIS 70785, 3,4. Quoting *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Inadvertent delays may constitute excusable neglect. *Lake James Assocs. V. Summit Techs., L.L.C.* 2006 Dist. LEXIS 70785, 3,4. *Pioneer Investment Services Co.*

*v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).

Here, the reason for the delay was internal confusion. Defendants are based in Nevada, and in fact this Court has no personal jurisdiction over either Defendant. Defendants' Nevada counsel and Defendants' Florida counsel did not communicate properly. At some point in time, apparently Defendants' Nevada counsel communicated with Plaintiff's counsel and they agreed to stipulate to move venue to Nevada. No stipulation to this effect was executed, and Defendants' Florida counsel was unaware that this venue change was not solidified.

At some point in November 2019, Plaintiff's counsel withdrew the agreement to stipulate to venue in Nevada. However, this was only communicated to Defendants' Nevada counsel by Plaintiff's attorney, and not to the undersigned. After this point, Defendants' Nevada counsel opined to the undersigned that he believed Plaintiff's counsel would still be willing to stipulate to a venue change. It was the undersigned's understanding that Plaintiff's counsel and Defendants' Nevada counsel were working out this issue. On December 4, 2019 the undersigned sent a stipulation to change venue to Plaintiff's counsel. It was only then that it was learned that Plaintiff's counsel no longer agreed to change venue. At this point, the time to respond had already elapsed and the time to respond to the Court's Order to Show Cause had expired. The only reason the Defendants defaulted in this matter was due to confusion between the Defendants' Nevada and Florida counsel, and the genuine belief that the parties were agreeing to a venue change. "Attempting to resolve a dispute alone does not justify a failure to respond timely, but the totality of the circumstance can warrant such a finding". *Lake James Assocs. V. Summit Techs., L.L.C.* 2006 Dist. LEXIS 70785, 3,4. *Schmidt v. Shawnee Mission Sch. Dist.*, 1999 U.S. Dist. LEXIS 13536, *6 (D. Kans. 1999). It is submitted that this Court should look to

the totality of the unique circumstance in this matter and allow the Defendants to file a responsive pleading. This is especially important in light of the fact that this Court does not have jurisdiction over this matter.

### THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS

Florida Statutes Section 48.193, Florida's long arm statute sets the basis for determining whether a Court can exercise jurisdiction over a defendant. The court must determine whether the Complaint alleges "sufficient jurisdictional facts to bring the action within the ambit of the statute." *Venetian Salami Co. v. Parthenais*, 544 So.2d 499 (Fla. 1989), 502. Then, the court must determine whether "sufficient 'minimum contacts' are demonstrated to satisfy due process." *Id.*

A plaintiff must plead the specific acts or conduct that form the bases for subjecting a defendant to Florida's jurisdiction in the original complaint. *Id.* also *Mowrey Elevator Co. of Florida, Inc. v. Automated Integration, Inc.*, 745 So.2d 1046, 1047 (Fla. 1st DCA 1999). In this case the Plaintiff did not even attempt to allege any facts to suggest that Defendants should be held to jurisdiction in Florida. The Complaint is silent on this issue. (Exhibit A – Complaint).

Defendant Electrum Partners, LLC as Plaintiff rightly states in the Complaint, is a Nevada company, doing business in Nevada. Defendant Leslie Bocskor, as Plaintiff also rightly states in the Complaint, is a resident of Nevada. Neither Defendant has anything to do with Florida. Thus, the minimum contacts test also cannot be met.

Further, the agreement between the parties contains a venue and jurisdiction clause. The agreement states:

> The laws of the State of Nevada shall govern the interpretation, performance and enforcement of this agreement, regardless of applicable choice of law principles. The parties agree that any action to interpret or enforce this agreement must be brought in the courts of Clark County, Nevada or in the United States District Court for the

District of Nevada. Consultant and Company hereby consent to the personal jurisdiction of the courts (State and Federal) located in Clark County, Nevada in the event any dispute arises with regard to this agreement. (Complaint with Exhibit – Exhibit A).

It is clear that this Court does not have jurisdiction over the Defendants, and it is further clear that the case should have been brought in Federal Court in Nevada, as the parties had originally agreed.

## CONCLUSION

For these reasons, it is respectfully requested that the Court deny Plaintiff's Motion for Default and allow Defendants to interpose a response.

Dated: January 8, 2020                              Respectfully submitted,

By:     __/s/ Galen J. Criscione___
Galen J. Criscione, Esq.
Criscione Ravala, LLP
FL Bar No: 0088593
Attorneys for Defendants
110 E. Broward Blvd. Suite 1700
Ft. Lauderdale, FL  33139
Ph: (800) 583-1780, Ext. 501
Fax: (800) 583-1787
gcriscione@lawcrt.com

TO:   Ann Tomasello, Esq.
Scott Wagner & Associates, P.A.
Attorney for Plaintiff
250 South Central Blvd., Suite 104-A
Jupiter, FL. 33458

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of January, 2019, a true and accurate copy of Defendants' Opposition to Plaintiff's Motion for Default was served upon attorney for Plaintiff,

Ann Tomasello, Esq., Scott Wagner & Associates, P.A., 250 South Central Blvd., Suite 104-A,

Jupiter, FL. 33458 via this Court's CM/ECF system.

Dated: January 20, 2020                           Respectfully submitted,

                                         By:      __/s/ Galen J. Criscione___
                                                  Galen J. Criscione, Esq.
                                                  Criscione Ravala, LLP
                                                  FL Bar No: 0088593
                                                  Attorneys for Defendants
                                                  110 E. Broward Blvd. Suite 1700
                                                  Ft. Lauderdale, FL  33139
                                                  Ph: (800) 583-1780, Ext. 501
                                                  Fax: (800) 583-1787
                                                  gcriscione@lawcrt.com