UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **DIANE KATZ, an individual,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**ELECTRUM PARTNERS, LLC, a Nevada limited liability company; and LESLIE BOCSKOR, an individual,**<br><br>　　　　**Defendants.** | **Case No. 9:19-cv-81473-DMM** |

## DEFENDANTS' MOTION TO DISMISS

Defendants ELECTRUM PARTNERS, LLC and LESLIE BOCSKOR, by and through undersigned counsel, hereby submit their Motion to Dismiss, under FRCP 12(b)(2), FRCP 12(b)(3) and FRCP 12(b)(6), and submit the reasons outlined below.

## BACKGROUND

This action was commenced by DIANE KATZ ("Plaintiff") against ELECTRUM PARTNERS, LLC and LESLIE BOCSKOR ("Defendants") originally in state court by a filing on or about October 18, 2019 in Palm Beach County Circuit Court. Subsequently, Plaintiff removed the case to federal court. The action arises from consulting work that Plaintiff did for Defendant ELECTRUM PARTNERS, LLC.

## IMPROPER VENUE

The Complaint in this matter should be dismissed under FRCP 12(b)(3) for improper venue. The Agreement between the parties in this matter contains both a choice of law and a venue clause. The venue clause is not permissive – it is mandatory. The Florida Supreme Court has stated that mandatory venue clauses *require* jurisdiction over a case to be in that particular venue. *Granados Quinones v. Swiss Bank Corp, S.A.*, 509 So. 2d 273, 274 (Fla. 1987). "A clause

establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended …." See *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593-94, 113 L. Ed. 2d 622, 111 S. Ct. 1522 (1991). *World Vacation Travel v. Brooker,* 799 So. 2d 410, 412 (2001). "To interpret the forum selection clause in any other way would require creative legerdemain and would frustrate its obvious intent." Id. At 412. "[A]ny clause which submits parties to the laws in force and the competent courts of a specific forum and simultaneously waives any other territorial jurisdiction can only be deemed mandatory. See *Operadora Seryna S.S. de C.V. v. Banci Bilbao Vizcaya-Mexico*, 762 So. 2d 595, 595-6 (Fla. 5th DCA 2000). *World Vacation Travel v. Brooker,* 799 So. 2d 410, 412 (2001).

Thus, there seems to be no legal basis to bring an action in a forum different from that stated in a mandatory venue clause. The clause in the Agreement in the present case, section 6(d) states:

> "The laws of the State of Nevada shall govern the interpretation, performance and enforcement of this Agreement, regardless of applicable choice of law principles. The parties agree that any action to interpret or enforce this Agreement must be brought in the courts of Clark County, Nevada or in the United States District Court for the District of Nevada .." Agreement Attached as Exhibit A.

The venue clause in the present case is clear and unambiguous. It states that any action under the Agreement between the parties *must* be brought in Nevada. There is no justification whatsoever for the Plaintiff having brought this case in Florida. Forum selection clauses stating that litigation "must" or "shall" be initiated in a particular forum are generally considered to be mandatory. See *Shoppes Ltd. P'ship v. Conn*, 829 So. 2d 356, 358 (Fla. 5th DCA 2002). A.

*Boxing & Ath. Ass'n v. Young*, 911 So. 2d 862 (2005). The language in the Agreement in the present case is clear and unambiguous. The case law is clear and seemingly endless. The Court must dismiss this case as it must be brought in the State of Nevada.

### THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS

Florida Statutes Section 48.193, Florida's long arm statute sets the basis for determining whether a Court can exercise jurisdiction over a defendant. The court must determine whether the Complaint alleges "sufficient jurisdictional facts to bring the action within the ambit of the statute." *Venetian Salami Co. v. Parthenais*, 544 So.2d 499 (Fla. 1989), 502. Then, the court must determine whether "sufficient 'minimum contacts' are demonstrated to satisfy due process." *Id.*

A plaintiff must plead the specific acts or conduct that form the bases for subjecting a defendant to Florida's jurisdiction in the original complaint. *Id.* also *Mowrey Elevator Co. of Florida, Inc. v. Automated Integration, Inc.*, 745 So.2d 1046, 1047 (Fla. 1st DCA 1999). In this case the Plaintiff did not even attempt to allege any facts to suggest that Defendants should be held to jurisdiction in Florida. Complaint Attached as Exhibit B.

Defendant Electrum Partners, LLC as Plaintiff rightly states in the Complaint, is a Nevada company, doing business in Nevada. Defendant Leslie Bocskor, as Plaintiff also rightly states in the Complaint, is a resident of Nevada. Neither Defendant has anything to do with Florida. Affidavit of Leslie Bocskor Attached. Thus, the minimum contacts test also cannot be met.

### CIVIL THEFT CLAIM MUST BE DISMISSED

The cause of action for Civil Theft must be dismissed. The action for Civil Theft is a statutory cause of action based on Fla. Stat. §772.11. However, the Agreement between the

parties which is the subject of this case has a choice of law provision which states that Nevada law governs. The Agreement states: "The laws of the State of Nevada shall govern the interpretation, performance and enforcement of this Agreement, regardless of applicable choice of law principles." <u>Agreement Attached as Exhibit A</u>.

"Under Florida's choice-of-law rules, courts should respect a choice-of-law provision within a contract, unless the chosen law contravenes Florida public policy." *MDS (Canada), Inc. v. Rad Source Techs, Inc.*, 822 F. Supp. 2d 1263, 1295 (S.D. Fla. 2011) citing *Florida Evergreen Foliage v. E.I. Du Pont De Nemours, Co.,* 135 F.Supp. 2d 1271, 1277 (S.D. Fla. 2001). *Brown Jordan Int'l., Inc. v. Carmicle*, 2016 U.S. Dist. LEXIS 25879. In the present case, it is clear that even if the case were to remain in Florida, Nevada law would govern. Because Plaintiff's Civil Theft action is based specifically upon a Florida-specific statute, it must be dismissed as it cannot stand under Nevada law.

## CONCLUSION

For these reasons, it is respectfully requested that the Court dismiss the action against Defendants ELECTRUM PARTNERS, LLC and LESLIE BOCSKOR and award costs and attorneys' fees, permissible under the Agreement between the parties, to the Defendants.

Dated: March 4, 2020                     Respectfully submitted,

By:     */s/ Galen J. Criscione*
Galen J. Criscione, Esq.
Criscione Ravala, LLP
FL Bar No: 0088593
Attorneys for Defendants
110 E. Broward Blvd. Suite 1700
Ft. Lauderdale, FL  33139
Ph: (800) 583-1780, Ext. 501
Fax: (800) 583-1787
gcriscione@lawcrt.com

TO: Ann Tomasello, Esq.
Scott Wagner & Associates, P.A.
Attorney for Plaintiff
250 South Central Blvd., Suite 104-A
Jupiter, FL. 33458

## CERTIFICATE OF SERVICE

This is to certify that on this 5ʰ day of March 2020, a true and accurate copy of Defendants' Motion to Dismiss was served upon attorney for Plaintiff, Ann Tomasello, Esq., Scott Wagner & Associates, P.A., 250 South Central Blvd., Suite 104-A, Jupiter, FL. 33458 via this Court's CM/ECF system.

Dated: March 4, 2020                                    Respectfully submitted,

By:   */s/ Galen J. Criscione*
Galen J. Criscione, Esq.
Criscione Ravala, LLP
FL Bar No: 0088593
Attorneys for Defendants
110 E. Broward Blvd. Suite 1700
Ft. Lauderdale, FL  33139
Ph: (800) 583-1780, Ext. 501
Fax: (800) 583-1787
gcriscione@lawcrt.com